IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


GEORGE M. STAVROU,                          Civ. No. 06-6026-AA

                Plaintiff,                  OPINION AND ORDER

       v.

JO ANNE B. BARNHART,
Commissioner of Social
Security,

                Defendant.
_____

Kathryn Tassinari
Brent Wells
Harder Wells Baron & Manning
474 Willamette, Suite 200
Eugene, OR  97401
       Attorneys for plaintiff

Karin J. Immergut
United States Attorney
Neil J. Evans
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR  97204-2902


1 - OPINION AND ORDER

Richard M. Rodriguez
Special Assistant United States Attorney
Social Security Administration
701 5th Avenue, Suite 2900 M/S 901
Seattle, WA 98104-7075
        Attorneys for Defendant

AIKEN, Judge:

    Plaintiff George Stravrou brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the final decision of the Commissioner denying his applications for disability insurance benefits and Supplemental Security Income (SSI) benefits under Titles II and XVI of the Social Security Act (the Act). The Commissioner's decision is affirmed.

<u>BACKGROUND</u>

    In November 2002 plaintiff protectively filed his applications for disability insurance and SSI benefits. Tr. 66-68, 270-73. After plaintiff's applications were denied initially and on reconsideration, he timely requested an administrative hearing. Tr. 30-35, 40-43, 269-70, 273-79. On May 6, 2005, plaintiff's therapist and a vocational expert appeared and testified before an administrative law judge (ALJ). Tr. 280-323. Plaintiff chose not to testify. On July 28, 2005, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act, because he was able to perform his past relevant work. Tr. 14-27. On December 5, 2005, the Appeals Council denied plaintiff's request for review, rendering the ALJ's ruling as the final decision of the Commissioner. Tr. 5-7. Plaintiff now seeks judicial review.

2 - OPINION AND ORDER

At the time of the ALJ's decision, plaintiff was forty-three years old with a high school equivalent education and past relevant work as an auto-detailer, shipping-receiving warehouse clerk, fast food worker, production worker, school custodian/janitor, and hotel desk clerk.  Tr. 15, 91-98, 318.  Plaintiff alleges disability since August 27, 2002 due to mental illness, depression, poor memory, and headaches.  Tr. 14, 79, 143.

## STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record.  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  Substantial evidence is "more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)).  The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).  Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

## COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability.  Howard v. Heckler, 782 F.2d 1484, 1486 (9th

3 - OPINION AND ORDER

Cir. 1986).  To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process.  See Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  At step one, the ALJ found that plaintiff had not engaged in "substantial gainful activity" during the period of alleged disability.  Tr. 15; 20 C.F.R. §§ 404.1520(b), 416.920(b).

At step two, the ALJ found that plaintiff suffered from medically "severe" impairments of affective disorder, cognitive disorder, and personality disorder, secondary to ongoing marijuana and alcohol abuse.  Tr. 15; 20 C.F.R. §§ 404.1520©), 416.920©).  The ALJ also found that had non-severe impairments of schizoaffective disorder, possible borderline intellectual functioning, and headaches.  Tr. 15.

At step three, the ALJ found that, absent drug and alcohol abuse, plaintiff's impairments did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity."  Tr. 23-24; 20 C.F.R. §§ 404.1520(d), 416.920(d).  Thus, the analysis proceeded to step four.

At step four, the Commissioner must evaluate the claimant's residual functional capacity (RFC) and determine whether the claimant can perform past relevant work.    In doing so, the Commissioner must assess the sustained work-related activities the claimant can perform on a regular and continuing basis, despite the limitations imposed any impairment.    20 C.F.R. §§ 404.1520(e), 404.1545, 416.920(e), 416.945.    If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the burden rests with the Commissioner to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy.    Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(f), 416.920(f).

Here, the ALJ found that plaintiff retained the RFC to perform his "past relevant work."    Tr. 25-26; 20 C.F.R. §§ 404.1520(e), 416.920(e); Social Security Regulation (SSR) 96-8p.    Specifically, the ALJ found that plaintiff could perform a reduced range of light work limited to simple, routine and repetitive tasks, no detailed instructions, no contact with the general public, and occasional contact with co-workers.    Tr. 25.    Based on this finding and the testimony of the vocational expert, the ALJ found that plaintiff was able to perform his past relevant work as an auto-detailer, warehouse worker, production worker, and janitor/custodian.    Tr. 26.    Therefore, the ALJ found plaintiff not disabled under the meaning of the Act.

DISCUSSION

This case required the ALJ to determine the effect of plaintiff's drug and alcohol on his alleged disability.  An otherwise disabled individual is not eligible for benefits under the Act if drug addiction or alcoholism (DAA) is "a contributing factor material to the Commissioner's determination that the individual is disabled."  See 42 U.S.C. §§ 423(d)(2)(c), 1382c(a)(3)(J); 20 C.F.R. §§ 404.1535, 416.935.  The "key factor" in determining whether DAA is a contributing factor is whether the claimant would be disabled but for the drug or alcohol addiction. 20 C.F.R. §§ 404.1535(b)(1), 416.935(b)(1).  If the Commissioner finds that the claimant's remaining limitations would not be disabling if the claimant stopped using drugs or alcohol, the Commissioner will find that DAA is a contributing factor to the disability.  Id. §§ 404.1535(b)(2)(i), 416.935(b)(2)(i).

To make this determination, the ALJ first must assess disability under the five-step sequential evaluation process "without attempting to determine the impact of [the plaintiff's] alcoholism on his [or her] other impairments." Bustamanti v. Massinari, 262 F.3d 949, 955 (9th Cir. 2001).  Only if the ALJ finds that a claimant disabled under the five-step inquiry should the ALJ evaluate the medical evidence and, if necessary, consult with a medical expert, to determine what limitations would remain if the claimant stopped using drugs or alcohol.  Id.; see also 20

C.F.R. §§ 404.1527(f)(2)(iii), 416.927(f)(2)(iii).

Here, the ALJ found that, with drug and alcohol use considered, plaintiff met or equaled a listed impairment, rendering him disabled at step three of the sequential evaluation process. However, the ALJ also found that plaintiff's alcohol and marijuana use was a contributing factor material to his disability, thus rendering plaintiff ineligible for disability benefits in light of his RFC.

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting the conclusions of an examining physician, a treating psychiatrist, and two examining psychologists. Plaintiff maintains that the medical source evidence establishes disability under the Act. The Commissioner maintains that the ALJ properly evaluated the medical evidence.

The relative weight given to medical source opinions depends on the opportunity for the provider to observe and know the patient as an individual. Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1996). Accordingly, the opinion of a treating physician deserves more weight than that of an examining physician, and a non-examining physician's opinion receives the least weight. Id.; see also Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996). The ALJ must provide clear and convincing reasons, supported by substantial evidence in the record, for rejecting the uncontradicted opinion of a treating physician. If contradicted,

the ALJ must provide specific and legitimate reasons, supported by substantial evidence in the record, for rejecting a treating physician's opinion. See Lester, 81 F. 3d at 830; see also Andrews v. Shalala, 53 F.3d 1035, 1043 (9th Cir.1995).

### 1. Dr. French

On January 24, 2003, plaintiff was referred to Dr. French regarding his complaints of leg pain and headaches. Tr. 208. Upon examination, Dr. French opined that plaintiff had suffered a previous laceration to his right quadriceps muscle, resulting in scarring, some sensory loss, and wasting of muscle. Tr. 209. Dr. French noted that plaintiff "had good strength in the upper and lower extremity muscles," normal reflexes, and good alternating movement and range of motion. Tr. 209. In an accompanying physical residual function capacity report, Dr. French limited plaintiff to lifting and/or carrying thirty-five pounds occasionally and twenty-five pounds frequently, and standing and walking for at least two hours in an eight-hour workday. Tr. 156.

The ALJ discounted the physical limitations imposed by Dr. French and found no exertional limitations. Tr. 17, 319. In rejecting the opinion of Dr. French, the ALJ adopted the opinion of state agency non-examining medical consultants who assessed plaintiff's physical residual functional capacity based on his medical records.

The ALJ rejected Dr. French's opinion because Dr. French was

unaware of plaintiff's continued substance abuse, and that plaintiff's reported activities exceeded the limitations found by Dr. French. Specifically, the ALJ noted that plaintiff reported collecting bottles, walking to a friend's house and going to the Salvation Army. Tr. 17, 123, 202. The non-examining consultants further noted that Dr. French found no loss of motor strength or range of motion, and that plaintiff stated that he could be active for six to eight hours before needing to rest. Tr. 121, 200, 202.

When a claimant's level of activity is inconsistent with claimed limitations, these activities will have a bearing on whether such limitations are accepted. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998). While I agree with plaintiff that he need not be incapacitated to be found disabled, I also find substantial evidence in the record to support the ALJ's conclusion that plaintiff's activities are inconsistent with the limitations imposed by Dr. French, particularly the limitation regarding plaintiff's ability to stand and walk. Accordingly, I am confronted with evidence that is susceptible to more than one rational interpretation. Consistent with Ninth Circuit guidance, I decline to substitute my judgment for that of the ALJ. See Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (if the evidence is susceptible to more than one rational interpretation, the court may not substitute its own judgement for the Commissioner's). Therefore, I uphold the ALJ's rejection of Dr.

French's physical limitations.

    2.  Dr. Wolf

    Dr. Wolf is a psychiatrist who began treating plaintiff in
October of 2003.  Tr. 267.  On May 19, 2005, Dr. Wolf opined that
plaintiff had marked mental limitations - including depression,
concentration, and mood and perceptual distortions - that would
remain even if plaintiff abstained from marijuana and alcohol.  Tr.
267.

    The ALJ disregarded the opinion of Dr. Wolf, instead relying
on the testimony of Dr. Nance, a non-examining medical expert.
Based on his review of plaintiff's medical records, Dr. Nance
testified that plaintiff's impairments would improve if he
abstained from alcohol and marijuana, particularly in the area of
social functioning.  Tr. 23, 312-13.  Further, Dr. Nance disagreed
with Dr. Wolf's assessment of plaintiff's limitations because
plaintiff was able to function at a higher level.  Tr. 22, 316-17.

    The ALJ also discounted Dr. Wolf's assessment because it was
based, in part, on plaintiff's subjective complaints and
statements.  Tr. 22.  The ALJ found plaintiff not credible, and
plaintiff does not dispute this finding.  Tr. 19-20, 25.  Further,
the ALJ noted that Dr. Wolf failed to provide an objective basis
for his opinion that plaintiff had stopped using drugs and alcohol.
The ALJ noted that Dr. Wolf merely relied his "impression" that
plaintiff's alcohol and drug dependence was in remission rather

10 - OPINION AND ORDER

than relying on urinalysis or other type of testing.  Tr. 22, 267.
Further, the ALJ noted that plaintiff had not sought or obtained
treatment for his drug and alcohol dependence, and there is no
evidence in the record of any such treatments.  Tr. 24-25.

Again, I am faced with evidence that is subject to differing
interpretations.  In light of the fact that Dr. Wolf relied on
plaintiff's subjective statements, deemed not credible by the ALJ,
and that Dr. Wolf has no objective basis to support his opinion of
abstinence, I find that the ALJ provided legally sufficient reasons
to disregard Dr. Wolf's opinion.

### 3.  Drs. Anderson and Sweet

Drs. Anderson and Sweet are examining psychologists who
diagnosed plaintiff with depression and borderline intellectual
functioning.  Tr. 219, 266.  Dr. Sweet examined plaintiff on
January 7, 2003 and assessed plaintiff with marked limitations in
activities of daily living, social functioning, and concentration,
persistence, or pace.  Tr. 205.  Subsequently, Dr. Sweet reported
that his conclusions were based on plaintiff's statement that he
had abstained from alcohol use for five years.  Tr. 210.  Dr. Sweet
stated that if plaintiff was using drugs or alcohol, "of course, my
opinions would necessarily change as would my rating of impairment
severity report."  Tr. 211.

The ALJ rejected Dr. Sweet's opinion because he was unaware of
plaintiff's alcohol and drug dependence at the time of his

11 - OPINION AND ORDER

assessment.  Tr. 16.  Given the fact that evidence in the records
suggests that plaintiff was using alcohol and/or marijuana at the
time, Tr. 260, I find no error in the ALJ's discounting of Dr.
Sweet's opinion.

Dr. Anderson examined plaintiff on January 6, 2005.  Plaintiff
denied current problems with alcohol and did not reveal past
alcohol or drug dependence.  Tr. 263.  Dr. Anderson relied on the
IQ scores from plaintiff's examination with Dr. Sweet in 2003 in
assessing plaintiff with borderline intellectual functioning.  Tr.
266.   The ALJ rejected the opinion of Dr. Anderson because she,
like Dr. Sweet, was not aware of plaintiff's alcohol and drug
dependence, and because she had relied upon testing performed by
Dr. Sweet.  Tr. 21.  As with Dr. Sweet, I find these reasons
legally sufficient.

Notably, it is the claimant's burden to establish that DAA is
not a material factor contributing to disability.  Ball v.
Massanari, 245 F.3d 817, 821 (9th Cir. 2001).  For the reasons
explained above, plaintiff fails to meet that burden.

///

///

///

///

///

///

12 - OPINION AND ORDER

CONCLUSION

The ALJ's finding that plaintiff is not disabled under the Act is supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

Dated this 24 day of January, 2007.


_____
Ann Aiken
United States District Judge

13 - OPINION AND ORDER